not violate equal protection, and anything else would be quite expensive to administer *(Matter of Bernstein v Toia,* 43 NY2d 437, 446). These criteria need not be scientifically calculated *(Noble State Bank v Haskell,* 219 US 104, 110). One should not be permitted to "second-guess" the respondents. Although reasonable men may differ in their opinions on this matter of criteria or rates, a court need only find a rational basis in this area of social welfare *(Dandridge v Williams,* 397 US 471, 485, 487). The fact that respondents pay more to the New York City Department of Social Services — Special Services to Children (SSC) operated homes is no reason to invalidate the criteria by which they classify homes and ultimately set the reimbursement rates for the city on petitioner's homes. The city and petitioner's homes are in different categories and have different operational problems and costs. Petitioner is a charitable agency and can solicit contributions to cover its deficits arising from the State's "inadequate" rates (Executive Law, art 7-A). In the circumstances before us, there is no need to consider petitioner's standing to challenge the criteria in question. Petitioner's contract is with the city (SSC). Nothing prevents the SSC from paying more than the State rate, except general fiscal restraints *(New York State Council of Voluntary Child Care Agencies v Blum* 105 Misc 2d 154, 157). This raises the issue of the city's participation in the article 78 proceeding as a necessary party (CPLR 1001, subd [a]). Obviously, a portion of the relief petitioner wanted in its notice and petition, prompt payment for its services, could not have been granted without the city's presence. It does actually pay the petitioner. Respondents also raise failure to exhaust administrative remedies. However, there is no such defense among the listed nine in respondents' answer. There appears to be no requirement that the State reimburse the full cost for foster care provided by voluntary agencies. The rates in general are set lower than these costs to provide an incentive for reducing such costs and avoiding overutilization of agency foster care. Lines must be drawn somewhere, and the fact that petitioner would place them in a different location does not make respondents' criteria or rates, or both, irrational. Concur — Murphy, P.J., Kupferman, Birns, Sandler and Fein, JJ.

■ JUAN ZAVALA et al., Respondents, v CHEMICAL BANK, Appellant. — Order, Supreme Court, New York County (Pecora, J.), entered on October 30, 1980, affirmed. Respondents shall recover of appellant $50 costs and disbursements of this appeal. Concur — Kupferman, Birns, Sandler and Fein, JJ.

Murphy, P.J., dissents in a memorandum as follows: The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial. *(D & D Recreation v Royal Globe Ins. Co.,* 54 AD2d 889.) The complaint in this action has not been amplified in any meaningful way because many of the critical items in plaintiffs' bill are grossly incomplete, unresponsive or evasive. The defendant has the right to narrow the issues before both disclosure and trial. In this proceeding plaintiffs seek damages totaling over $1,000,000 and related relief. This appeal is inextricably intertwined with companion appeal *[Exact Value v Chemical Bank,* 83 AD2d 821], where approximately $3,000,000 in damages are sought. Before defendant is required to engage in extended disclosure and a protracted trial, the plaintiffs should be obligated to give straightforward and responsive answers with respect to the nature of their claims and their damages. Plaintiffs' present bill of particulars is almost totally worthless to the defendant. The defendant's motion should have been granted to the extent of directing plaintiffs to serve a further bill of particulars with regard to those items challenged by the defendant.

■ EXACT VALUE, INC., Respondent, v CHEMICAL BANK, Appellant. — Order, Supreme Court, New York County (Pecora, J.), entered on November 3, 1980,